## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

|  |  |  |
|---|---|---|
| _____ | ) | |
| | ) | |
| TAMARA WAREKA p/k/a | ) | |
| TAMARA WILLIAMS, | ) | **Case Number**: 1:21-cv-382 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANA SQUARE d/b/a ANA | ) | |
| SQUARE MICROBLADING, | ) | |
| and DOES 1 through 10 inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## TAMARA WILLIAMS' COMPLAINT FOR COPYRIGHT INFRINGEMENT, UNAUTHORIZED ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION, AND DEMAND FOR JURY TRIAL

Plaintiff Tamara Wareka p/k/a Tamara Williams, for her Complaint against Ana Square d/b/a Ana Square Microblading and DOES 1 through 10 inclusive, alleges as follows:

### JURISDICTION AND VENUE

1.      This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq* and 17 U.S.C. § 1202.

2.      This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3.     This court has personal jurisdiction over Defendant because Defendant's acts of infringement complained of herein occurred in the state of Texas, Defendant's acts of infringement were directed towards the state of Texas, Defendant caused injury to Plaintiff within the state of Texas, and Defendant has a physical presence in the state of Texas.

4.     Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

5.     Plaintiff Tamara Williams ("Williams") is an individual and professional photographer.

6.     Defendant Ana Square d/b/a Ana Square Microblading ("Ana Square") is a Texas business with a business address of 11890 Vista Del Sol Dr, Suite A-117, El Paso, TX 79936.

7.     Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

## FACTUAL ALLEGATIONS

8.     Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for

her natural and clean model portraiture featured on her highly popular Instagram account @tamarawilliams1, which has amassed over 400,000 followers.

9.      Williams' portfolio includes international clients and her work has been featured in top publications such as *Vogue, Harper's Bazaar, Marie Claire, Elle, L'Officiel, Glamour, Cosmopolitan, Maxim*, and many more. Additionally, her work has been used commercially by brands such as *NARS, KKW, Fenty*, and *Benefit*.

10.     Williams is the sole author and exclusive rights holder to eight photographs of female models: one photograph of model Olivia Brower ("Brower Photograph"), one photograph of model Christina Nadin ("Nadin Photograph"), two photographs of model Hana Cross (Respectively, "Cross 1 Photograph" and "Cross 2 Photograph") (Collectively, the "Cross Photographs"), one photograph of model Stacey Hannant ("Hannant Photograph"), one photograph of model Jasmine Hollins ("Hollins Photograph"), one photograph of model Tashi Rodriguez ("Rodriguez Photograph"), and one photograph of model Tess Jantschek ("Jantschek Photograph") (Collectively, the "Photographs").

11.     Attached hereto as Exhibit A are true and correct copies of the Photographs.

12.     Williams registered the Photographs with the United States Copyright Office. The Brower Photograph is registered under Registration Number VA 2-178-318. The Nadin Photograph, the Cross Photographs, and the Hannant Photograph are registered under Registration Number VA 2-130-596. The Hollins and Jantschek photograph are registered under Registration Number VA 2-116-918. The Rodriguez Photograph is registered under Registration Number VA 2-116-917.

13.     Defendant Ana Square is microblading and permanent makeup provider. Its services consist of microblading, shading ombre brows, lash

enhancement and tint, solid tattoo brow, smokey eyeliner, eyeliner  tattoo, lipliner, 3D lips, ombre lips, hair removal, and  hyperhidrosis treatment.

14. Ana Square is the owner and operator of the website https://anasquaremicroblading.com ("Website").

15. Ana Square advertises its services through its Website.

16. On or about January 25, 2020, Williams discovered the Brower Photograph, the Nadin Photograph, the Cross Photographs, the Hannant Photograph, and the Hollins Photograph being used by Ana Square on its Website.

17. The Brower Photograph was used by Ana Square on its Website to advertise its medspa and its rejuvenation and cosmetics services. The Brower Photograph was also used to portray potential results of what can be achieved with Ana Square's treatments and services.

18. The Nadin Photograph was used by Ana Square on its Website to advertise its medspa and its services, including botox, waxing, sclerotherapy, dermal fillers, kybella, facials and its HCG weight loss program. The Nadin Photograph was also used to portray potential results of what can be achieved with Ana Square's treatments and services.

19. The Cross 1 Photograph was used by Ana Square on its Website to advertise its medspa and its botox and dermal filler services. The Cross 1 Photograph was also used to portray potential results of what can be achieved with Ana Square's treatments and services.

20. The Cross 2 Photograph was used by Ana Square on its Website to advertise its botox and injectables. The page displaying the Cross 2 Photograph also had a "book now" link and urged users to book their appointments. The Cross 2 Photograph was also used to portray potential results of what can be achieved with Ana Square's treatments and services.

21. The Hannant Photograph was used by Ana Square on its Website to

advertise its microblading services, specifically its ombre and powder brow services. The Hannant Photograph was also used to portray potential results of what can be achieved with Ana Square's treatments and services.

22.     The Hollins Photograph was used by Ana Square on its Website to advertise its microblading services, specifically its eyebrow touchup and tattooing services. The Hollins Photograph was also used to portray potential results of what can be achieved with Ana Square's treatments and services.

23.     The Cross Photographs and the Hannant Photograph contain a unique watermark bearing the name of Williams' Instagram account, "@tamarawilliams1."

24.     Attached hereto as Exhibit B is a true and correct screenshot of the use of the Brower Photograph, the Nadin Photograph, the Cross Photographs, the Hannant Photograph, and the Hollins Photograph on Ana Square's Website.

25.     Ana    Square    also    maintains    an    Instagram    page, https://www.instagram.com/anasquaremicroblading/    under    the    handle @anasquaremicroblading ("Instagram Page").

26.     Williams is informed and believes Ana Square markets its services through its Instagram Page in order to attract user traffic and drive customer revenue.

27.     On or about April 20, 2021, Williams discovered the Brower Photograph being used in two additional acts of infringement on Ana Square's Instagram Page to advertise its permanent makeup services and portray potential results of what can be achieved with Ana Square's treatments and services. The two posts also urged Ana Square's Instagram users to book an appointment.

28.     On or about April 20, 2021, Williams discovered the Rodriguez Photograph being used in two additional acts of infringement on Ana Square's Instagram Page to portray potential results of what can be achieved with Ana

Square's treatments and services. The two posts also urged Ana Square's Instagram users to book an appointment.

29.     On or about April 20, 2021, Williams discovered the Jantschek Photograph being used on Ana Square's Instagram Page to portray potential results of what can be achieved with Ana Square's treatments and services. The post also urged Ana Square's Instagram users to book an appointment.

30.     Williams also noticed that Ana Square had added its own watermark "www.anasquaremicroblading.com" to the Jantschek Photograph.

31.     Williams did not give Ana Square permission to use the Jantschek Photograph or add Ana Square's watermark to the Jantschek Photograph.

32.     Attached hereto as Exhibit C is a true and correct screenshot of the use of the Brower Photograph, the Rodriguez Photograph, and the Jantschek Photograph on Ana Square's Instagram Page.

33.     In no event did Williams offer Ana Square a license to use her Photographs in any manner.

34.     Williams is informed and believes Ana Square created unauthorized copies of the Photographs.

35.     Williams is informed and believes Ana Square uploaded the Brower Photograph, the Nadin Photograph, the Cross Photographs, the Hannant Photograph, and the Hollins Photograph to its Website.

36.     Williams is informed and believes Ana Square uploaded the Brower Photograph, the Rodriguez Photograph, and the Jantschek Photograph to its Instagram Page.

37.     Williams has made several attempts to settle this case prior to the filing of this Complaint.

/ / /

/ / /

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101 *et seq*

38.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.   Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Dantas Photograph.

40.   Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Dantas Photograph in violation of Title 17 of the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Dantas Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in an infringing post on Defendant's website and or social media.

41.   As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c).

42.   As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

43.   Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

## SECOND CAUSE OF ACTION
## FALSIFICATION, REMOVAL AND ALTERATION OF COPYRIGHT
## MANAGEMENT INFORMATION
### 17 U.S.C. § 1202

44.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45.   Defendant intentionally falsified, removed, and/or altered copyright

management information related to the Jantschek Photograph with the intent to induce, enable, facilitate, or conceal its infringement of the Jantschek Photograph. Specifically, Defendant illegally downloaded the Jantschek Photograph and incorporated its own watermark before incorporating it into its post on social media.

46.     Defendant's conduct was knowing and intentional because Defendant knew that it was not the copyright holder in the Jantschek Photograph and that Defendant had not licensed the Jantschek Photograph for use in the social media advertisements and knowingly incorporated its own watermark in order to conceal its infringing conduct.

47.     Defendant's conduct constitutes a violation of 17 U.S.C. § 1202(a), and 1202(b).

48.     Defendant's falsification, removal and/or alteration of that copyright management information was done without Plaintiff's knowledge or authorization.

49.     Defendant's falsification, removal and/or alteration of said copyright management information was done by Defendant intentionally, knowingly, and with the intent to induce, enable, facilitate, or conceal Defendant's infringement of the Jantschek Photograph. Defendant also knew, or had reason to know, that such removal, falsification, and/or alteration of copyright management information would induce, enable, facilitate, or conceal Defendant's infringement of the Jantschek Photograph.

50.     Plaintiff has sustained significant injury and monetary damages as a result of Defendant's wrongful acts as hereinabove alleged in an amount to be proven.

51.     In the alternative, Plaintiff may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 from each Defendant for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Photographs by copying, displaying, and distributing it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For statutory damages in an amount up to $25,000 for each falsification or removal of copyright management information pursuant to 17 U.S.C. § 1202;

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For pre judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: April 30, 2021

Respectfully submitted,

**s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Bar No. 24076924
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8358
(714) 597-6559 facsimile
mhigbee@higbeeassociates.com
*Attorney for Plaintiff*

9

## DEMAND FOR JURY TRIAL

Plaintiff Tamara Williams hereby demands a trial by jury in the above matter.


Dated:        April 30, 2021                Respectfully submitted,

                                            **s/ Mathew K. Higbee**
                                            Mathew K. Higbee, Esq.
                                            Bar No. 24076924
                                            **HIGBEE & ASSOCIATES**
                                            1504 Brookhollow Dr., Ste 112
                                            Santa Ana, CA 92705-5418
                                            (714) 617-8358
                                            (714) 597-6559 facsimile
                                            mhigbee@higbeeassociates.com
                                            *Attorney for Plaintiff*