# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS,<br>    *Plaintiff*<br><br>v.<br><br>ANA SQUARE d/b/a ANA SQUARE MICROBLADING and DOES 1 through 10,<br>    *Defendants* | § § § § § § § § § § § | Case No. 1:21-CV-00382-LY-SH |

## ORDER

Before the Court are Plaintiff's Motion to Strike Certain Affirmative Defenses, filed June 25, 2021 (Dkt. 8); Defendant's Response to Motion to Strike Certain Affirmative Defenses and Motion for Leave to File Defendant's First Amended Answer and Affirmative Defenses to Plaintiff's Original Petition, filed July 2, 2021 (Dkt. 9); Plaintiff's Motion to Compel Defendant to Respond to Plaintiff's Request for Initial Disclosures, filed October 21, 2021 (Dkt. 17); Defendant's Responses to Plaintiff's Request for Disclosure, filed November 1, 2021 (Dkt. 18); Plaintiff's Reply in Support of Motion to Compel Defendant to Provide Initial Disclosures, filed November 8, 2021 (Dkt. 19); Plaintiff's Motion to Compel Defendant to Provide Responses to Plaintiff's Interrogatories and Requests for Production, filed December 23, 2021 (Dkt. 20); and Plaintiff's Notice of Refiling of Exhibits A-D, filed January 3, 2022 (Dkt. 21).[1]

### I.  Background

Plaintiff Tamara Wareka p/k/a Tamara Williams ("Williams") is a freelance photographer specializing in beauty and fashion photography whose Instagram account has over 400,000

---

[1] The District Court referred all pending and future motions to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). Dkt. 15.

1

followers. Complaint, Dkt. 1 ¶ 8. Defendant Ana Square d/b/a Ana Square Microblading ("Square") offers microblading and permanent makeup in El Paso, Texas. *Id.* ¶¶ 6, 13. Square operates a website advertising her services at anasquaremicroblading.com. *Id.* ¶¶ 14-15. She also maintains an Instagram page at instagram.com/anasquaremicroblading. *Id.* ¶ 25.

Williams alleges that she found eight of her original photographs posted without her permission on Square's website and Instagram account. *Id.* ¶¶ 10, 16-24, 27-33. One of the photographs allegedly contained the watermark www.anasquaremicroblading.com. *Id.* ¶ 30. Williams filed suit against Square and Does 1 through 10 for copyright infringement under Section 501 of the Copyright Act, 17 U.S.C. § 501 and for falsification, removal, or alteration of copyright management information under Section 1202 of the Digital Millennium Copyright Act, 17 U.S.C. § 1202.

Williams served her Complaint on Square on June 3, 2021. Dkt. 7. Square answered on June 4, 2021, asserting twenty-six affirmative defenses. Dkt. 6. Williams now moves to strike twenty-four of the twenty-six affirmative defenses under Federal Rule of Civil Procedure 12(f). Dkt. 8. In response, Square requests leave to file to file a First Amended Answer. Dkt. 9. Williams also moves to compel Square to provide sufficient initial disclosures and respond to Williams' interrogatories and requests for production. Dkts. 17, 20.

## II.     Defendant's Motion for Leave to File Amended Answer

As stated, Square seeks leave to file an amended answer to Williams' Complaint. Because no scheduling order has been entered, Square's request is made before the deadline to amend pleadings.[2] Square's counsel did not confer with opposing counsel regarding the motion for leave, as required by Local Rule CV-7(g). Williams did not file a response opposing the motion.

---

[2] The parties have filed a proposed scheduling order for the District Court's consideration. Dkt. 16.

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading "once as a matter of course" within certain time periods after service, but afterward "only with the opposing party's written consent or the court's leave." "The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). A district court must provide a "substantial reason" to deny a party's request for leave to amend, such as undue delay, bad faith, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of the amendment. *N. Cypress Med. Ctr. Operating Co. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018). Absent a substantial reason, "the discretion of the district court is not broad enough to permit denial." *Mayeaux v. La. Health Serv. & Indem. Co*., 376 F.3d 420, 425 (5th Cir. 2004).

This is Square's first request for leave to amend her answer. It was made before the deadline to amend pleadings and is unopposed. The Court therefore **GRANTS** Defendant's Motion for Leave to File Defendant's First Amended Answer and Affirmative Defenses to Plaintiff's Original Petition (Dkt. 9) pursuant to Rule 15(a)(2) and **DISMISSES AS MOOT** Plaintiff's Motion to Strike Certain Affirmative Defenses (Dkt. 8).

### III.     Plaintiff's Motions to Compel Discovery

Williams asks the Court to compel Square to supplement her initial disclosures under Federal Rule of Civil Procedure 26 and respond to Williams' first set of interrogatories and requests for production. Williams also seeks attorneys' fees incurred bringing her motions to compel.

**A.     Legal Standards**

Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Generally, the scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks

admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004)). Information within the scope of discovery need not be admissible in evidence to be discoverable. FED. R. CIV. P. 26(b)(1).

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). "The court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) (citing *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987)).

**B.      Analysis**

Williams served her initial disclosures and First Set of Requests for Admission, First Set of Requests for Production, and First Set of Interrogatories ("Discovery Requests") on September 23, 2021. Dkt. 17-1 at 5. Square had 30 days to respond to the Discovery Requests. FED. R. CIV. P. 33(b)(2), 34(b)(2)(A), 36(a)(3). Square initially failed to provide initial disclosures and has never answered the Discovery Requests; nor has Square's counsel responded to inquiries from Williams' counsel as to the status of the disclosures and discovery. Dkt. 17-2 ¶¶ 13-15; Dkt. 20-2 ¶¶ 13-18.

**1.   Initial Disclosures**

Square served her initial disclosures after Williams filed her motion to compel initial disclosures. Dkt. 18. Williams argues in her reply that Court should order Square to supplement her initial disclosures because Square failed to state the subject of discoverable information for each individual she identified under Rule 26(a)(1)(A)(i), and provided no information relating to the categories and location of any documents she may use to support her claims or defenses under Rule 26(a)(1)(A)(ii). Dkt. 19 at 3.

The Court agrees that Defendant's Responses to Plaintiff's Request for Disclosure (Dkt. 18) do not include the information required by Rule 26 and therefore are deficient. Accordingly, the Court **GRANTS** Plaintiff's Motion to Compel Defendant to Respond to Plaintiff's Request for Initial Disclosures (Dkt. 17) to the extent that Square must supplement her initial disclosures to provide the information required by Federal Rule of Civil Procedure 26(a)(1)(A)(i) and (ii).

### 2. Interrogatories and Requests for Production

Under Federal Rule of Civil Procedure 33, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." FED. R. CIV. P. 33(b)(3). A response to a request for production "must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B).

As stated above, Williams served her interrogatories and requests for production on September 23, 2021. Square has responded to neither the discovery requests nor Williams' motion to compel, filed December 23, 2021. Accordingly, the Court **GRANTS** Plaintiff's Motion to Compel Defendant to Provide Responses to Plaintiff's Interrogatories and Requests for Production (Dkt. 20) as unopposed under Local Rule CV-7(d)(2).

### IV. Conference Requirement

Local Rule CV-7(g) states:

> The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have first conferred in a good-faith attempt to resolve the matter by agreement and, further, certifies the specific reason that no agreement could be made. . . . Movants are encouraged to indicate in the title of the motion whether the motion is opposed. A motion is unopposed only if there has been an actual conference with opposing counsel and there is no opposition to any of the relief requested in the motion.

While neither party has complied with this rule fully, Williams filed her motions to compel after Square's counsel failed entirely to respond to inquiries from counsel for Williams.

Parties "do not satisfy the conference requirements simply by requesting or demanding compliance, because the parties need to confer, deliberate, converse, or compare views with a goal of resolving the dispute." *Patel v. Shipper Servs. Express*, No. 5:20-cv-00267-OLG, 2020 WL 10056291, at *1 (W.D. Tex. Oct. 19, 2020) (Garcia, C.J.). Letters or emails alone may not be sufficient to demonstrate that a good-faith effort was made to resolve the open issues. *Id.* "Good faith" requires a genuine attempt to resolve the dispute. *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 399 (S.D. Tex. 2012); *see also McCallum v. Camping World, Inc.*, No. SA-19-cv-01021-OLG, 2019 WL 9197839, at *1 n.1 (W.D. Tex. Dec. 17, 2019) (Garcia, C.J.) (explaining "good faith" requirement of former Local Rule CV-7(i)). To "confer" requires two-way communication necessary to genuinely discuss any issues and avoid judicial recourse. *Compass Bank*, 287 F.R.D. at 399. If an agreement cannot be reached despite a movant's good-faith efforts, certification under Local Rule CV-7(g) requires a detailed description of the attempts made to resolve the dispute and the specific reasons why the parties could not reach an agreement. *Paulk v. Fries*, No. SA-12-CV-1001-FB, 2013 WL 12129935, at *3 (W.D. Tex. Apr. 9, 2013).

The parties are urged to comply with the Federal Rules of Civil Procedure and the Local Rules and admonished of their obligation to attempt to resolve issues promptly and amicably. *Collins v. Easynews, Inc.*, No. A-06-CA-451-LY, 2007 WL 9701619, at *2 (W.D. Tex. May 17, 2007); *see also, e.g.*, FED. R. CIV. P. 1 (stating that rules should be employed by court and parties "to secure the just, speedy, and inexpensive determination of every action and proceeding"). Continued failure to confer in good faith before seeking relief may result in sanctions. *Sanchez v. Wells Fargo Bank, N.A.*, No. SA-2-cv-00551-OLG, 2020 WL 10758049, at *3 (W.D. Tex. Dec. 9, 2020).

Because it is not apparent from the record that Williams' counsel made a good-faith effort to obtain discovery without court action, the Court **DENIES** Williams' fee request pursuant to Federal Rule of Civil Procedure 37(a)(5)(A)(i).

## V.      Conclusion

The Court **GRANTS** Defendant's Motion for Leave to File Defendant's First Amended Answer and Affirmative Defenses to Plaintiff's Original Petition (Dkt. 9) and **DISMISSES AS MOOT** Plaintiff's Motion to Strike Certain Affirmative Defenses (Dkt. 8).

As explained in detail above, the Court **GRANTS** Plaintiff's Motion to Compel Defendant to Respond to Plaintiff's Request for Initial Disclosures (Dkt. 17) and **GRANTS** Plaintiff's Motion to Compel Defendant to Provide Responses to Plaintiff's Interrogatories and Requests for Production (Dkt. 20). On or before **February 15, 2022**, Defendant Ana Square d/b/a Ana Square Microblading must supplement her initial disclosures to provide the information required by Federal Rule of Civil Procedure 26(a)(1)(A)(i) and (ii) and fully respond to Plaintiff's First Set of Requests for Production and First Set of Interrogatories. Failure to do so may result in sanctions or the imposition of costs and fees.

All other relief requested Williams, including attorneys' fees, is **DENIED**.

**SIGNED** on January 28, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE