UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS,<br>　　　*Plaintiff*<br><br>v.<br><br>ANA SQUARE d/b/a ANA SQUARE MICROBLADING and DOES 1 through 10,<br>　　　*Defendants* | §§§§§§§§§§ | Case No. 1:21-CV-00382-LY-SH |

**ORDER**

　　Before the Court is Carlos M. Quinonez's Motion to Withdraw as Counsel, filed February 25, 2022 (Dkt. 23). The District Court referred all motions in this case to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). Dkt. 15.

　　Local Rule AT-3 provides that:

> An attorney seeking to withdraw from a case must file a motion specifying the reasons for withdrawal and providing the name and office address of the successor attorney. If the successor attorney is not known, the motion must set forth the client's name, address, and telephone number, and must bear either the client's signature or a detailed explanation why the client's signature could not be obtained after due diligence.

　　The decision whether to grant an attorney's motion to withdraw is "entrusted to the sound discretion" of the district court. *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). A court must consider multiple factors, including (1) undue delay in the proceedings, (2) prejudice to the client, and (3) the interests of justice. *Walker v. Voyager Charters, LLC*, No. A-08-CA-0027-JRN, 2009 WL 10700768, at *1 (W.D. Tex. Feb. 26, 2009). "An attorney may withdraw from representation

only upon leave of the court and a showing of good cause and reasonable notice to the client." *Gowdy v. Marine Spill Response Corp.*, 925 F.3d 200, 204 (5th Cir. 2019) (quoting *Wynn*, 889 F.2d at 646).

The withdrawing attorney bears the burden of proving the existence of good cause for withdrawal. *Practice Interactive, Inc. v. Candelario*, No. A-20-CV-00645-JRN, 2021 WL 3520915, at *1 (W.D. Tex. Jan. 4, 2021). Even if good cause exists, an attorney may withdraw only if withdrawal will not disrupt the lawsuit. *Hernandez v. Siemens Corp.*, No. SA-16-CV-00539-RCL, 2017 WL 5712100, at *3 (W.D. Tex. Nov. 27, 2017) (citing *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981)).

Quinonez states that good cause exists for his withdrawal because he "is unable to effectively communicate with Ana Square so as to be able to adequately represent Defendant." Dkt. 23 ¶ 2. Quinonez further states that Square "requests termination of [his] representation" and that he is withdrawing so "that Defendant might be represented by counsel of her choice." *Id.* ¶¶ 3(a), 4. Quinonez's motion bears his client's signature in compliance with Local Rule AT-3. *Id.* at 2. Craig Anthony Courville entered an appearance as counsel for Square on March 7, 2022. Dkt. 25.

The Court finds that there is good cause for counsel to withdraw, there has been reasonable notice to Square, and withdrawal will not disrupt this lawsuit. *See Hernandez*, 2017 WL 5712100, at *3. Accordingly, Carlos M. Quinonez's Motion to Withdraw as Counsel (Dkt. 23) is hereby **GRANTED**.

**SIGNED** on March 7, 2022.

                                                              SUSAN HIGHTOWER
                                                              UNITED STATES MAGISTRATE JUDGE